United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Edward Revenous Brown, Petitioner<br><br>v.<br><br>State of Florida, Respondent. | )<br>)<br>)<br>) Civil Action No. 23-22090-Civ-Scola<br>)<br>) |

### Order

Before the Court is *pro se* Petitioner Edward Revenous Brown's petition under 28 U.S.C. § 2254 (ECF No. 1). The petition raises one ground for relief, claiming that the "Petitioner's judgment, sentence[,] and conviction[s]" are illegal due to an invalid warrant. (*See id.* at 5). The Respondent filed a response (ECF No. 9) and an appendix (ECF No. 10) with accompanying exhibits (ECF No. 10-1–10-7). The Petitioner did not file a reply, and the time to do so has passed. The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the reasons explained below, the petition is denied on the merits.

**1. Background**

On July 14, 2015, the State charged the Petitioner by information with one count of robbery using a firearm (Count 1) and two counts of attempted second-degree murder (Counts 2 and 3).[1] (*See* Information, ECF No. 10-1 at 56–61). Following a trial, a jury found the Petitioner guilty as charged on Counts 1, 2, and 3. (*See* Verdict, ECF No. 10-1 at 63–65). The trial court thereafter adjudicated the Petitioner guilty (*see* J. ECF No. 10-1 at 67–68) and sentenced him to life imprisonment on Counts 1, 2, and 3 (*see* Sentence, ECF No. 10-1 at 71).

---

[1] The Information also charged the Petitioner with one count of being a convicted felon in possession of a firearm (Count 4), but that count was severed. (*See* Information at 60; Resp. at 2).

On appeal, the Third District Court of Appeals affirmed the Petitioner's convictions and sentence in an unelaborated per curiam decision. *See Brown v. State*, 263 So. 3d 1121 (Fla. 3d DCA 2019). The Third District issued its mandate on February 8, 2019. (*See* Feb. 8, 2019 Mandate, ECF No. 10-1 at 207).

On December 23, 2019, the Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*See generally* Rule 3.850 Mot., ECF No. 10-1 at 209–234). Afterward, the Petitioner filed an amended rule 3.850 motion (*see generally* Second Am. Rule 3.85 Mot., ECF No. 10-1 at 236–266)—which he labels "Second Amended Motion for Post[-]conviction Relief 3.850(a)(1)" (*id.* at 236), raising the following ground for relief:

> THE DEFENDANT CONTENDS THAT HIS JUDGMENT, SENTENCE AND CONVICTION IS ILLEGAL DUE TO THE ARREST WARRANT THAT WAS USED FOR HIS ARREST WHICH CONSTITUTES "FRUIT OF THE POISONOUS TREE" WHERE THE DEFENDANT 4TH AND 14TH UNITED STATES CONSTITUTIONAL RIGHTS HAS BEEN VIOLATED AS WELL AS HIS FLORIDA CON[S]TITUTIONAL RIGHT ARTIC[LE] (I) -- DECLARATION OF RIGHTS SECTION (12) ON THE GROUNDS THAT THE ARREST WARRANT THAT WAS USED FOR HIS ARREST IS INVALID AND VAGUE[]

(*id.* at 241). On August 7, 2020, the State filed an answer opposing the Petitioner's Rule 3.850 motions (*see generally* Answer to Rule 3.850 Mots., ECF No. 10-2 at 2–12), following which the post-conviction court entered an order, on November 20, 2020, denying the Petitioner's motions for post-conviction relief (*see generally* Order Den. Rule 3.850 Mots., ECF No. 10-2 at 14–29). The Petitioner appealed the post-conviction court's order (*see* Notice of Appeal, ECF No. 10-2 at 65), which the Third District affirmed in an unelaborated per curiam decision. *See Brown v. State*, 317 So. 3d 1150 (Fla. 3d DCA 2021). The Third District issued its mandate on March 22, 2021. (*See* Mar. 22, 2021 Mandate, ECF No. 10-2 at 69).[2]

---

[2] Following the conclusion of proceedings on his Rule 3.850 motions, the Petitioner proceeded to file a myriad of post-conviction pleadings (*see generally*

The Petitioner filed the instant petition on May 30, 2023 (*see* Pet. at 1),[3] asserting that his convictions and sentence are illegal because he was extradited and arrested pursuant to an invalid warrant (*see id.* at 5).

## 2. Legal Standard

### *Deference Under § 2254*

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman*, 550 U.S. 233, 246 (2007). AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation marks omitted). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially

---

ECF Nos. 10-2–10-7)—none of which have any bearing on the resolution of the instant petition; thus, the Court will not list those other pleadings in this order.

[3] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 409–10. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of [the state court's] decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted). If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim qualifies as an adjudication on the merits that is entitled to deference under AEDPA. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it "addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

### *Exhaustion under § 2254*

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted). "To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby

alerting that court to the federal nature of the claim." *Id.* (quotation marks and other omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Johnson v. Fla.*, 32 F.4th 1092, 1096 (11th Cir. 2022) ("[A] state-court prisoner must present his claim to the state court in a manner that would allow a reasonable reader to understand the legal and factual foundation for each claim." (quotation marks omitted)). "In Florida, exhaustion usually requires not only the filing of a [Fla. R. Crim. P.] 3.850 motion, but an appeal from its denial." *Nieves v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 520, 521 (11th Cir. 2019) (alteration in original).

To fairly present the federal nature of the claim, "[i]t is not sufficient merely that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y for Dept. of Corr.*, 377 F.3d 1317, 1343–44 (11th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Rather, federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Picard*, 404 U.S. at 276 (citations omitted). The Eleventh Circuit further has observed that proper exhaustion "requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005) (quotation marks omitted).

### 3. Timeliness and Exhaustion

The Respondent concedes that the Petitioner timely filed the petition and that the petition's sole ground for relief is exhausted. (*See* Resp. at 14); *Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016) ("States can waive procedural bar defenses in federal habeas proceedings[.]" (quotation

marks omitted)). With such being the case, the Court shall reach the merits of the petition.

**4. Discussion**

As mentioned above, the Petitioner argues that his convictions and sentence are invalid because the warrant authorizing his extradition and arrest was invalid. (*See* Pet. at 5). Specifically, the Petitioner claims that the warrant was "vague" and did not bear a "[j]udge[']s signature," a "deputy clerk of court[']s signature," the state "court[']s seal," or the date the warrant was issued. (*Id.*). The state post-conviction court considered this claim, but did not explain its reasoning for rejecting it. (*See generally* Order Den. Rule 3.850 Mots. at 14–29). Accordingly, the Court must presume that another "state court adjudicated the claim on the merits" and review the state court record "to determine what arguments or theories supported or . . . could have supported, the state court's decision." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1232 (11th Cir. 2014) (footnote call number and quotation marks omitted). Petitioner ultimately bears the burden "to demonstrate that there was no reasonable basis for the decision of [the state court] to deny his claim." *Tarleton v. Sec'y, Fla. Dep't of Corr.*, 5 F.4th 1278, 1291 (11th Cir. 2021) (citation omitted). And, as explained below, the Petitioner fails to carry his burden.

The petition's sole ground for relief is meritless because it is clearly and conclusively refuted by the record. In the appendix, the Respondent filed the purportedly invalid warrant (*see* Arrest Warrant, ECF No. 10-1 at 75); and a cursory review of that instrument reveals that it lists with specificity the crimes for which the Petitioner was being arrested and bears the date of issuance, the state court's seal, a judge's signature, and a deputy clerk's signature—all the things the Petitioner claims were missing. But the Petitioner appears to know that his claim is meritless—at least in part, as he acknowledges in his first Rule 3.850 motion that the warrant in question was "stamped . . . [and] date[d]" "by the clerk of court[.]" (Rule 3.850 Mot. at 218).

In sum, the Court denies the petition's sole ground for relief as being refuted by the record.

### 5. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, the record refutes the Petitioner's ground for relief, meaning the Court can "adequately assess [the Petitioner's] claim without further factual development." *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003). The Petitioner, therefore, is not entitled to an evidentiary hearing.

### 6. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner fails to make such a showing, hence the Court declines to issue a certificate of appealability.

### 7. Conclusion

For the foregoing reasons, the Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) is **denied**. A certificate of appealability is also **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, **the Petitioner is not**

**entitled to appeal** *in forma pauperis*. The Clerk is directed to **deny** any and all pending motions as moot and **close** this case.

**Done and ordered**, in chambers, in Miami, Florida, on October 20, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Edward Revenous Brown
M57932
Hardee Correctional Institution
Inmate Mail/Parcels
6901 State Road 62
Bowling Green, Florida 33834
PRO SE